IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANOELECTRO RESEARCH AND PRODUCTION CO.,<br>　　　　　　　Petitioner,<br><br>　v.<br><br>ALPHYSICA INC.,<br>　　　　　　　Respondent. | No. 17-cv-11378-ADB<br><br>MEMORANDUM OF LAW SUPPORTING<br><br>MOTION FOR SUMMARY JUDGMENT |

　　　　Petitioner Nanoelectro Research and Production Co. ("Nanoelectro") respectfully submits this Memorandum in support of its motion for summary judgment on its claim to confirm a foreign arbitral award against Respondent Alphysica Inc. ("Alphysica").

<u>THE ARBITRAL AWARD SHOULD BE CONFIRMED.</u>

　　　　The parties executed an Agreement for services in 2011. The Agreement provided for arbitration of disputes in Moscow, Russia. On September 22, 2014, the International Commercial Arbitration Court ("ICAC") of the Russian Federation Chamber of Commerce issued an award, requiring Alphysica to pay Nanoelectro contractual damages of $246,000 and arbitration fees of $17,236.50. (The Agreement and the award are submitted as exhibits to counsel's declaration in support of this motion.) Nanoelectro commenced this action to confirm and enforce the award on July 26, 2017.

　　　　U.S. Code Title 9, Chapter 2 implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. 9 U.S.C. § 201. If an action to confirm a foreign arbitral award is commenced within three years after the award is issued, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention." 9 U.S.C. § 207. Nanoelectro commenced

this action less than three years after the ICAC issued the award.  Therefore, the Court should confirm the award unless there are grounds to deny confirmation.

ALPHYSICA CANNOT PROVE ITS DEFENSES AGAINST THE AWARD.

Alphysica states that it will challenge the award on grounds such as lack of notice of the arbitration and lack of authority of the lawyers who appeared on its behalf in the arbitration.  As the parties stipulated and the Court permitted, Alphysica will file its brief with these arguments after Nanoelectro has filed this motion for summary judgment.  (ECF 30)

Upon presentation of an arbitral award for confirmation under the Convention, the party challenging the award has the burden to prove that the award should not be confirmed.  This is the rule in the First Circuit and in all other circuit courts that have addressed the issue.  See, e.g., First State Insurance Co. v. Banco de Seguros del Estado, 254 F.3d 354, 357 (1st Cir. 2001) (award confirmed; "Banco has clearly failed to meet its burden of establishing" lack of notice of arbitration proceedings).  Imperial Ethiopian Govt. v. Baruch-Foster Corp., 535 F.2d 334, 336 (5th Cir. 1976) ("burden of proof is on the party defending against enforcement"); Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier, 508 F.2d 969, 973 (2nd Cir. 1974) (Convention "clearly shifted the burden of proof to the party defending against enforcement"); CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 850 F.3d 58, 76 (2d Cir. 2017) (challenger has burden of proof on all grounds for non-recognition).

Nanoelectro has produced documents that should convince Alphysica to surrender to enforcement of the arbitral award.  The documents show that the ICAC promptly sent to Alphysica–and the DHL courier service immediately delivered–notice of the arbitration, Nanoelectro's statement of claim, notice of the hearing, and the arbitral award.  (Statement of Material Facts ¶¶ 3, 5, 7, 10)  Also, Nanoelectro sent, and DHL delivered, the award to

Alphysica directly, care of its registered agent for service of process, and care of the Commonwealth Secretary.  (Id. ¶ 9)  All of the deliveries to Alphysica were at the address it provided in the parties' agreement.  (Id. ¶ 10)  Alphysica was still at that address as of March 1, 2017, when it filed its most recent annual report with the Commonwealth Secretary.  (Id. ¶ 11)

As for Alphysica's attorneys in the arbitration proceedings, they were appointed by a director of Alphysica.  (Id. ¶ 4)  Three weeks after ICAC issued the arbitral award, Alphysica's president appointed the same attorneys to represent the company's Russian affiliate in the Russian state courts.  (Id. ¶ 8)

## CONCLUSION

For the reasons stated above, Nanoelectro respectfully requests that the Court confirm the arbitral award and enter judgment against Alphysica in the amount of $263,236.50 plus statutory interest.

Respectfully submitted,

_____/s/_____
Daniel Rothstein

Co-counsel for Petitioner (pro hac vice)
Law Office of Daniel J. Rothstein, P.C
747 Third Avenue
32nd Floor
New York, NY 10017
tel. 212-207-8700
djr@danielrothstein.com

WILLIAM W. FICK, ESQ. (BBO # 650562)
FICK & MARX LLP
100 Franklin Street, 7th Floor
Boston, MA 02110
(857) 321-8360
WFICK@FICKMARX.COM

November 15, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 15, 2017.

_____/s/_____
Daniel Rothstein
Co-counsel for Petitioner (pro hac vice)

November 15, 2017